IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

BOBBY E. FOX,

    Plaintiff,

v.                                                                                                  Case No. 5:14-cv-3107-JTM

STATE OF KANSAS, et al.,

    Defendants.

**MEMORANDUM AND ORDER**

Plaintiff Bobby E. Fox filed a pro se civil complaint pursuant to 42 U.S.C. § 1983 while he was confined at the Larned Correctional Mental Health Facility in Larned, Kansas. The court previously screened the original Complaint filed herein and ordered plaintiff to cure the deficiencies set forth in its Screening Order, dated February 12, 2015 (Dkt. 7). The matter is now before the court for consideration of plaintiff's compliance with the screening order and screening of plaintiff's Response. Dkt. 8. Having considered all materials submitted by plaintiff, the court concludes that previously-named defendants State of Kansas, Larned State Hospital, and Isaac Ray Facility are hereby dismissed as parties to this action and Katie Hoop is added as a party. The court further concludes that plaintiff's request for injunctive relief is hereby dismissed as moot.

**I.     Allegations and Claims**

In his Complaint, plaintiff alleges that he was not provided a safe and properly maintained wheelchair despite numerous requests and that serious injury resulted. Upon his

confinement, plaintiff had arthritis in both hips and was "slightly handicapped." On and apparently after May 15, 2012, at the "Isaac Ray Mental Hospital," plaintiff requested verbally and in writing a safe and properly operating wheelchair. In his requests, plaintiff explained in detail that he required a wheelchair that was not in need of repairs and that had no protruding, non-movable foot pegs. Plaintiff alleged that he had been given different chairs, "all in need of repairs." The ones provided allegedly had brakes that pulled hard to one side and torn seats that caused his hip to sit on the metal bar underneath. According to plaintiff, "foot pegs caused right crooked foot to hook, causing hard falls to cement numerous times." All of the chairs had an unmovable footrest, which caused falls when plaintiff stood up from the chair to use the toilet or to get behind the chair to walk. The non-movable footrests that allegedly caused his falls were welded in place and tripped him.

Plaintiff claims that his requests were "denied over two months from 6-12 until last knee tendon severed 8/20/12." A few days later, plaintiff was given a wheelchair with no footrest and no protruding foot pegs. His requests were all made to nursing personnel, including "Nurse Leader Katie Hoop" and "nursing staff Cathy, Pattie, [and] Dewey."[1] Plaintiff allegedly also sought help in obtaining a safe wheelchair from "MHDD Staff" including Nelie, Kara, Tyler, John, Steve, Cortney, and Jennifer, but was told that the decision was "completely up to Nurse [L]eader Katie Hoop," who "denied all his requests" and "thwarted" his every attempt. Plaintiff alleges that there was a new safe wheelchair locked in a closet and that he was denied access to this chair until after his injuries occurred. Plaintiff alleges that his falls over "the course of several months" resulted in two separate injuries in which the tendons in both his knees were severed.

---

[1] Elsewhere in his Complaint, plaintiff also identified "Jennifer" and "Huey" as nursing personnel who were aware of his problems with the wheelchairs.

On June 24, 2014, plaintiff filed a pro se Complaint alleging a denial of the right to proper medical care and treatment, a violation of due process, and a violation of equal protection of the laws. Dkt. 1. His requests for relief include the following: (1) transfer to a higher-functioning residential living area in L.S.S.H. Isaac Ray Building South Three Unit, with all the privileges afforded to all persons residing there,[2] (2) the right to live without the constant deprivation of privilege levels for infractions to which numerous other residents are subjected, and (3) compensatory damages in the amount of $1,000,000. Dkt. 1.

## II.     Legal Standard

"To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48-49 (1988) (citations omitted); *Northington v. Jackson*, 973 F.2d 1518, 1523 (10th Cir. 1992). A court liberally construes a pro se complaint and applies "less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Nonetheless, "when the allegations in a complaint, however true, could not raise a claim of entitlement to relief," dismissal is appropriate. *Bell Atlantic v. Twombly*, 550 U.S. 544, 558 (2007). A pro se litigant's "conclusory allegations without supporting factual averments are insufficient to state a claim upon which relief can be based." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). The court "will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on plaintiff's behalf." *Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997).

---

[2] Plaintiff identifies these privileges as: (1) VTP job, (2) mental health classes, (3) pottery, (4) arts and crafts, and (5) regular visitation privileges with friends and family. Dkt. 1, at 7.

### III.     Plaintiff's Compliance with the Screening Order

In a February 12, 2015, Screening Order (Dkt. 7), the court ordered plaintiff to show cause as to why: (1) this action should not be dismissed as against named defendants State of Kansas, Larned State Hospital, and Isaac Ray Facility, (2) Nursing Supervisor Katie Hoop should not be designated as the sole defendant, and (3) plaintiff's claims for all relief other than monetary damages should not be dismissed.  Plaintiff was warned that failure to do so would result in his action proceeding against Katie Hoop as sole defendant and on plaintiff's claim for monetary damages only.  Dkt. 7, at 10.

### A.     Proper Defendant(s)

In his Response, filed on March 5, 2015, plaintiff cites facts implicating Nurse Hoop but also assigns blame to the Kansas Department of Aging, as Hoop's employer.  Dkt. 8, at 2.  Plaintiff fails to provide any good cause as to why the originally-named defendants, State of Kansas, Larned State Hospital, and Isaac Ray Facility should remain in this case.  Therefore, these originally-named defendants are dismissed.

With regard to the Kansas Department of Aging, the court declines to add the Department as a party for several reasons.  First, plaintiff offers no proof that Katie Hoop is somehow employed by the Department.  Second, "[t]o pursue a claim under § 1983 against an entity, a plaintiff must allege that the entity had a policy or practice that contributed to the claimed constitutional violation."  *Noel v. Elliot*, 2012 U.S. Dist. LEXIS 80804, at *5 (D. Kan. June 12, 2012) (citing *Dubbs v. Head Start, Inc.*, 336 F.3d 1194, 1215-16 (10th Cir. 2003) (holding that a municipality cannot be held liable under § 1983 merely on account of the unauthorized acts of its agents)).  In other words, a municipal employer cannot be held liable on a theory of respondeat superior.  *Id.* (citing *Dubbs*, 336 F.3d at 1216).  Here, plaintiff fails to make any claim that the

Department of Aging, in the event that it *is* defendant Hoop's employer, has some type of policy or practice of denying sufficient medical care to inmates. The court therefore declines to add the Kansas Department of Aging as a party to this action. Accordingly, Nurse Supervisor Katie Hoop is designated as the sole defendant in this matter.

**B.     Request for Relief**

Plaintiff also fails to address, in his Response, why his request for injunctive relief in the form of a transfer to a higher-functioning residential living area should not be dismissed as moot. As a general rule, the court has no authority to order plaintiff's transfer so that he can enjoy additional privileges. But, more to the point, as the screening order noted, plaintiff's request was rendered moot when, on August 13, 2014, plaintiff notified the court of his transfer to the Lansing Correctional Facility in Lansing, Kansas. Dkt. 5. Plaintiff fails to even address, let alone provide good cause as to why his request for injunctive relief should not be dismissed at this juncture. Accordingly, plaintiff's action shall proceed solely as a claim for compensatory damages in the amount of $1 million.

**IT IS THEREFORE ORDERED**, this 21st day of August, 2015, that originally-named defendants State of Kansas, Larned State Hospital, and Isaac Ray Facility are hereby dismissed from this action. This case shall proceed only against Nurse Supervisor Katie Hoop.

**IT IS FURTHER ORDERED** that plaintiff's claims for injunctive relief are hereby dismissed as moot. This case shall proceed only on plaintiff's request for compensatory damages.

s/J. Thomas Marten
J. THOMAS MARTEN, JUDGE