IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

BOBBY E. FOX,

    Plaintiff,

vs.

KATIE HOOP,

    Defendant.

Case No. 14-3107-JTM

**ORDER DENYING APPOINTMENT OF COUNSEL AND
REQUIRING SERVICE UPON DEFENDANT BY MARCH 4, 2016**

Before the court is plaintiff's Motion For Appointment of Counsel. (Dkt. 9). This is plaintiff's second such request. *See* Dkt. 4. The court denied plaintiff's first request because "the question of the viability of plaintiff's claim will be better determined after a responsive pleading has been filed; (2) the issues are not complex; and (3) plaintiff appears capable of adequately presenting facts and arguments." (Dkt. 7 at 8). In this motion, plaintiff essentially asserts his layman status warrants appointment of counsel as "[he does] not know the law" and is "at a loss as what needed be summited (sic) before the . . . court." (Dkt. 9 at 13). He reiterates that he has contacted no less than 30 attorneys to represent him. Because this motion presents no new facts which the court had not previously considered in deciding whether to appoint counsel, the court denies the motion. It is not enough "that having counsel appointed would have assisted [the prisoner] in presenting his strongest possible case, [as] the same could be said in any case." *Steffey v. Orman*, 461 F.3d 1218, 1223 (10th Cir. 2006) (*citing Rucks v. Boergermann*, 57 F.3d 978, 979 (10th Cir. 1995)).

The court notes that the screening of plaintiff's Complaint resulted in Katie Hoop being

1

added as a defendant on February 12, 2015 (Dkt. 7); and the dismissal of plaintiff's claims for injunctive relief, as well as the dismissal of defendants Larned State Hospital, Isaac Ray Facility, and the State of Kansas as parties to the action on August 21, 2015 (Dkt. 11). The court further notes that plaintiff has yet to serve defendant Katie Hoop with a summons and a copy of the Complaint pursuant to Federal Rules of Civil Procedure 4.To facilitate service, the court orders that the clerk of the court shall prepare summons pursuant to Rule 4(d) to be served upon defendant Katie Hoop by a United States Marshal or a Deputy Marshal. Plaintiff is responsible for the cost of service, but may seek waiver of that cost by filing another motion to proceed in forma paueris.  The court directs that service be made by March 4, 2016. The court advises plaintiff that failure to obtain service as directed may result in dismissal of the action without prejudice. Fed. R. Civ. P. 4(m).

**IT IS THEREFORE ORDERED** this 4th day of January, 2016, that plaintiff's Motion for Appointment of Counsel (Dkt. 9) is **DENIED**.

**IT IS FURTHER ORDERED** that service of the Complaint on defendant Katie Hoop be made by March 4, 2016.

s/ J. Thomas Marten
J. THOMAS MARTEN, JUDGE