IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

ROBERT E. FOX,

    Plaintiff,

v.

                                                              Case No. 14-3107-JTM

KATIE HOOP,

    Defendant.

**MEMORANDUM AND ORDER**

This matter comes before the court to address the failure to serve defendant Katie Hoop with a summons and a copy of the complaint by the court-ordered deadline of April 4, 2016. On March 2, 2016, the court granted plaintiff's request for an extension of time to serve Hoop and directed service by April 4, 2016. Dkt. 18. On March 14, 2016, the United States Marshal Service (USMS) filed an unexecuted summons indicating that plaintiff had not yet paid the service fee. Dkt. 19. On March 28, 2016, plaintiff paid the $8 service fee to the USMS. Dkt. 20. That same day, the USMS sent a summons and a copy of the complaint by certified mail to Hoop at Larned State Hospital's (LSH) address. On April 7, 2016, the USMS received that mailing unopened and marked as "unable to forward." *Id.* The record indicates no further attempts by the USMS to achieve service of process.

On May 26, 2016, plaintiff filed a 19-page pleading entitled "Supplement," which indicated, in pertinent part, that LSH was Hoop's last known employment. Dkt. 21 at 1. The court broadly construes the Supplement as a motion to extend the time for service.[1] Because an

---

[1] The Supplement contains over 15 pages of plaintiff's typed notes and grievances, which presumably constitute evidence in support of his claims. The court advises plaintiff that it is not appropriate for him to submit evidence until the time has come for him to provide proof of his allegations. The court directs plaintiff to refrain from submitting improper papers.

indigent pro se prisoner is entitled to rely on the USMS to achieve service of process and plaintiff has sufficiently identified defendant Hoop, the court finds that "good cause" exists within the meaning of Rule 4(m) of the Federal Rules of Civil Procedure to extend the time for service. *Sellers v. United States*, 902 F.2d 598, 602 (7th Cir. 1990) ("when the district court instructs the Marshal to serve papers on behalf of a prisoner, the prisoner need furnish no more than the information necessary to identify the defendant"). To facilitate service of process, the court directs the Kansas Department of Corrections (KDOC), Hoop's last known employer, to supply current or last known address information for Hoop. This information may be submitted under seal or in camera, and will be used only to attempt service of process. *See Smith v. Trapp*, Case No. 14-3320-JAR-DJW (D. Kan. June 10, 2016) (order to locate and serve defendant).

On February 22, 2016, plaintiff filed an Affidavit Accompanying Motion for Permission to Appeal In Forma Pauperis. Dkt. 16. Plaintiff, however, never filed such a motion. Even if the court construed the affidavit as the motion, plaintiff has not stated the issues that he intends to present on appeal and has not stated the facts or legal theory that would entitle him to relief. For this reason, the court denies plaintiff's request to proceed in forma pauperis on appeal. *McIntosh v. U.S. Parole Comm'n*, 115 F.3d 809, 812 (10th Cir. 1997) (request to proceed in forma pauperis on appeal can be granted only when movant shows both a financial inability to pay the required fees and the existence of a reasoned, nonfrivolous argument on the law and facts in support of the issues raised on appeal).

**IT IS THEREFORE ORDERED** that the clerk of the court shall enter the KDOC as an interested party on the docket for the limited purpose of preparing a report that supplies the current or last known address information for defendant Katie Hoop. The clerk shall not provide plaintiff with a copy of the letter report.

**IT IS FURTHER ORDERED** that the KDOC shall file said report on or before June 30, 2016. Upon the filing of that report, the KDOC may move for termination from this action.

**IT IS FURTHER ORDERED** that plaintiff's request to proceed in forma pauperis on appeal (Dkt. 16) is DENIED.

**IT IS SO ORDERED** this 16th day of June 2016.

s/ J. Thomas Marten
J. THOMAS MARTEN, Judge