IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

ROBERT E. FOX,

    Plaintiff,

v.

                                                Case No. 14-3107-JTM

KATHLEEN HOUP,

    Defendant.

**NOTICE AND ORDER TO SHOW CAUSE**

This matter comes before the court to address the recent summons return, which indicates that defendant Kathleen Houp has moved without leaving a forwarding address from the last known address that her former employer provided to the court. Dkt. 35. Since June 16, 2016, the court has issued several orders to facilitate service of a summons and complaint on the sole remaining defendant. Dkts. 22, 28, and 32. Plaintiff, however, ultimately bears the responsibility for obtaining service, and if these efforts are unsuccessful, the case is subject to dismissal. *Espinoza v. United States*, 52 F.3d 838, 840 (10th Cir. 1995) (Dismissals for failure to timely serve process are governed by Fed. R. Civ. P. 4(m), and pro se litigants are not excused from its requirements).

Rule 4 of the Federal Rules of Civil Procedure requires a plaintiff to serve a summons and a copy of the complaint on each defendant. Rule 4(m) sets the time limit for service, in pertinent part, as follows:

> If a defendant is not served within 120 days[1] after the complaint is filed, the court –on motion or on its own after notice to the plaintiff – must dismiss the action without prejudice against that defendant or order that service be made within a

---

[1] The December 1, 2015 amendments to the Federal Rules of Civil Procedure reduced the time limit in Rule 4(m) from 120 days to 90 days.

specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Fox filed his Complaint on June 24, 2014. After screening the Complaint, the court gave plaintiff until March 4, 2016 (60 days) to comply with Rule 4. Dkt. 15. Fox asked for an extension and the court gave him until April 4, 2016, an additional 30 days, to complete service. Dkts. 17 and 18. During this time, Fox's efforts to serve defendant consisted of requesting the clerk's office to issue summons to Larned State Hospital (LSH), defendant's former work address. The summons sent to LSH was returned unexecuted. Dkt. 20.

On May 26, 2016, Fox filed a supplement, which the court liberally construed as a second motion to extend the time for service. Dkts. 21 and 22. Because Fox is a prisoner, the court added the Kansas Department of Corrections (KDOC) as an interested party for the limited purpose of providing the court with defendant's current or last known address. Dkt. 22 at 2. After the KDOC advised that the Kansas Department of Aging and Disability Services (KDADS) had exclusive control over defendant's employment information, the court added KDADS as an interest party and directed it provide the court with defendant's last known address. Dkt. 24. The court was under no obligation do this. *Antonetti v. Las Vegas*, Case No. 13-CV-00064-RFB, 2015 WL 247806 at *3 (D. Nev. Jan. 16, 2015) ("The Court is not required to . . . act as an investigative body to determine correct addresses for defendants."). Rule 4(c)(3) requires the court to order the United States Marshal Service (USMS) to serve process if the plaintiff is authorized to proceed in forma pauperis (ifp). Fox, however, does not have ifp status in this case. And even if he was proceeding ifp, his entitlement to assistance with service from court personnel and the United States Marshal is limited to preparing and serving the process, without prepayment of costs, upon the defendants at the address provided by the plaintiff. 28 U.S.C. § 1915(d); Fed. R. Civ. P. 4(c)(3); *Leek v. Thomas*, No. 09-3036-SAC, 2009 WL 2876352

at *1 (D. Kan. Sept. 2, 2009). Simply stated, plaintiff bears the responsibility of tracking down the defendant's address. *Antonetti*, 2015 WL 247806 at *3. The court sees no reason why plaintiff cannot enlist a non-party to assist him in locating defendant.

Pursuant to Rule 4(m), the court, on its own, resets the deadline for service of process. Service must be accomplished by December 1, 2016. If service is not made and plaintiff fails to show good cause for the failure to complete service by December 1, 2016, the court will dismiss the action without prejudice. The court warns plaintiff that prisoner status and indigency will not constitute good cause. Any request for an extension must be filed before the service deadline expires, must include details regarding plaintiff's efforts to effect service, and must set forth good cause for the failure.

**IT IS THEREFORE ORDERED** this 30th day of August, 2016, that plaintiff is granted until December 1, 2016, to complete service of process or to show good cause for the failure. The failure to complete service as required herein may result in dismissal of this action without prejudice.

s/   J. Thomas Marten
J. THOMAS MARTEN, Judge